PEOPLE OF PORTO RICO, Plaintiff and Appellee, *v.* PEDRO POLANCO, Defendant and Appellant.

No. 3986. Argued February 21, 1930.—Decided March 3, 1930.

*Juan Valldejuli,* for appellant. *R. A. Gómez,* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Pedro Polanco was charged with "unlawfully, wilfully and maliciously selling, offering and keeping for sale and transporting as wholesome, to be used for human consumption, milk adulterated by adding water," on the date and at the place stated in the information. After a trial, the court sentenced the defendant to pay a fine of $25.

In support of the appeal herein taken by him, the defendant, through his attorney, filed a long brief and extensively argued at the hearing upon the insufficiency of the evidence. After considering the latter, we think that it clearly shows that at the milk-stand licensed to Domingo Alvarez and located in Mayol Street, Stop 26, Santurce, early in the morning of June 19, 1929, there was kept and offered for sale, and actually sold, by the defendant, who then and there was the only person in charge of the milk-stand, milk adulterated with water.

The evidence for the defense consisted of the testimony of several witnesses, Domingo Alvarez and the defendant himself among them, who stated that the defendant, who lived in the upper story of the house where the milk-stand was located, came down to buy some milk and, as Alvarez had no change, the latter went out to look for it, his employee (*peón*) going with him; and that the defendant, at the request of Alvarez, took charge of the milk-stand, where he was found when the health inspectors arrived. This version of the facts was not believed by the court. It contradicts the presumption which arises from the very acts of the defendant in taking charge of the milk-stand, not merely to watch it, but to sell milk, as stated by the witnesses for the prosecution. The court was not bound to accept as true the version of the defendant and it resolved the conflict in accord with the said presumption. It has not been shown that, in so doing, the court acted under the influence of prejudice, passion or partiality, or that it committed manifest error.

Several contradictions are noted in the testimony of the witnesses for the prosecution. The witnesses were ably and extensively cross-examined by counsel for the defendant at the trial, who prepared the brief for the appellant and emphasized therein such contradictions, but we are not convinced that they are important or that they destroy the probative force of that testimony.

As regards the proof of adulteration, it seems so evident that it is not even discussed.

The judgment appealed from should be affirmed.